## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **QUEVEDO RIVERA, DERIX ANTONIO**, *Petitioner*, <br><br> **v.** <br><br> **JAMISON, J.L., in his official capacity as Warden, Federal Detention Center, Philadelphia; JOHN RIFE, in his official capacity as the Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; TODD LYONS, in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; PAMELA BONDI, in her official capacity as U.S. Attorney General**, <br> *Respondents*. | **Civil No. 26-1653** |

### ORDER

**AND NOW**, this 19th day of March, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) of Derix Antonio Quevedo Rivera and all corresponding briefing, it is hereby **ORDERED** as follows:

1. The petition is **GRANTED** for the reasons stated in the accompanying memorandum.

2. Quevedo Rivera is not subject to mandatory detention under 8 U.S.C. § 1225, and is instead subject to detention, if at all, under the discretionary provisions of 8 U.S.C. § 1226(a).

3.      The Government shall **RELEASE** Quevedo Rivera from custody immediately and certify compliance with this Order on the docket no later than 5:00 p.m. on March 20, 2026.

4.      The Government is temporarily enjoined from re-detaining Quevedo Rivera for seven days following his release from custody.

5.      If the Government chooses to pursue re-detention of Quevedo Rivera after the seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

**BY THE COURT:**

_____

MARY KAY COSTELLO, J.